■ CHARLOTTE LESHER, on Behalf of JEFFREY HYMAN and Another, Infants, Respondent, v. NOEL HYMAN, Appellant.— Order of Family Court, entered March 25, 1966, granting petitioner's motion for examination before trial of respondent, unanimously affirmed in all respects, without costs and disbursements. It appears that there is an issue as to the ability of the respondent to adequately support the children in accordance with their needs and usual standard of living. Under the circumstances and on the basis of the clear and factual showing in the moving papers of a change in circumstances, including increased needs of the children, the discretion of the court to grant the examination was properly exercised. (See *Matter of Schwartz* v. *Schwartz*, 23 A D 2d 204.) Of course, if the respondent should stipulate that he is of sufficient financial ability to properly provide for reasonable support for his children, then the necessity for an examination would be obviated; and, upon such a stipulation, the respondent may move in Family Court for a vacatur of the order for examination. Settle order on notice fixing date for examination to proceed. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.

■ P. B. G. REALTY, INC., et al., Respondents, v. MARTIN GOTTLIEB, Appellant.— Order entered December 8, 1965, denying defendant's motion to dismiss certain causes of action in the second amended complaint, unanimously modified, on the law, to the extent of dismissing the second and third causes of action with leave to replead the third cause of action, and, as so modified, affirmed, without costs or disbursements. The second cause of action for an injunction based on prior conduct is academic. The third cause of action fails to state ultimate facts and is conclusory in nature. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ In the Matter of THOMAS G. McCLENTHAN, Petitioner, v. ARTHUR KLEIN, as Justice of the Supreme Court of the State of New York, New York County, et al., Respondents.— Petition unanimously dismissed, without costs, and without disbursements. (See *Murphy* v. *Waterfront Commission*, 378 U. S. 52.) Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.